


U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed September 2, 2009                                   United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| KNIGHT ENERGY CORP., | § | Case No. 09-32163-11 |
| | § | |
| CHARLES HILL DRILLING, INC., | § | Case No. 09-32165-11 |
| | § | |
| Debtors. | § | Jointly Administered Under |
| | § | Case No. 09-32163-11 |

### SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION TO LIFT THE AUTOMATIC STAY AND MOTION TO PROHIBIT USE OF CASH COLLATERAL AND MOTION TO USE CASH COLLATERAL

On June 23, 2009, a hearing was held on the Debtors' Emergency Motion to Authorize Debtors' to Use Cash Collateral filed on April 9, 2009 (the "Debtors' Motion"), HD Special-Situations, LP ("HD") Motion to Lift the Automatic Stay (the "Lift Stay Motion"), and HD's Motion to Prohibit Use of Cash Collateral ("HD's Cash Collateral Motion"). On June 26, 2009,

HOU:2953090.3

the Court entered its Findings of Fact and Conclusions of Law on Motion to Lift the Automatic Stay and Motion to Prohibit Use of Cash Collateral and Motion to Use Cash Collateral. Pursuant to the agreement of HD Special Situations L.P. and Knight Energy Corp. and Charles Hill Drilling, Inc. (the "Debtors"), the Court enters this supplemental order.

**THE COURT HEREBY ORDERS THAT:**

1. HD shall be paid $4,120,000 in cash (the "Payment") on or before 5:00 p.m. Central time, December 31, 2009 (the "Payment Date") in full settlement of its Allowed Claim and liens. The Payment may be made by the Debtor or by a nominee, and the Payment may be in the form of a purchase of HD's debt and lien from HD. The Payment shall be made to HD's counsel, David A. Zdunkewicz, Andrews Kurth LLP, 600 Travis, Suite 4200, Houston, Texas 77002. At the time of the Payment, HD shall deliver all of its properly executed documents (the "Release Documents") necessary to release or assign, at Debtors' election, any and all liens that HD may have on any assets of either of the Debtors. If HD is not paid by the Payment Date, the properties subject to its liens (the "Properties") will be sold at HD's option at (a) a sale conducted on January 4, 2010 pursuant to Section 363 of the Bankruptcy Code (a "Section 363 Sale") or (b) one or more foreclosure sales occurring on January 4, 2010 or any subsequent date permitted by law (a "Foreclosure Sale"). At such sale HD may bid up to the full amount of its Allowed Claim in the Bankruptcy Cases. Should HD opt to sale the Properties at a Section 363 Sale, the sale shall occur at 2:00 p.m., Central time at the offices of Andrews Kurth LLP, 1717 Main St., Suite 3700, Dallas, Texas 75201. If the Payment is not made to HD by 5:00 p.m. Central time on December 31, 2009, and HD has not opted to sell the Properties at a Foreclosure Sale, HD shall file a Notice of Sale with the Court and shall serve the Notice of Sale on the parties required to receive notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure.

As soon as practicable after the sale the Court will schedule a hearing to approve the sale. Notwithstanding the other provisions of this Agreement, if Debtors designate a date for the $4,120,000 payment to HD that is at least three (3) business days prior to the date designated as the Payment Date above, and HD is not able to deliver all of the Release Documents requiring HD's signature, duly executed, by 10:00 a.m. Houston, Texas time on the designated Payment Date, then all the deadlines, including the deadlines for the payment of the adequate protection payments due under this Agreement, shall be extended for a period equal to three (3) business days **plus** the number of calendar days for which HD's failure to provide the properly executed Release Documents exceeds the date on which the Release Documents were required to be produced pursuant to this Paragraph 1.

2. Until the Payment is made to HD, Debtors shall pay HD additional adequate protection payments of $30,000 each month. The payments shall be made on September 1, 2009, October 1, 2009, and November 2, 2009. The payments may be made from cash collateral to the extent available, but only up to the total amount of $60,000. HD consents to the use of its cash collateral for this purpose. If HD remains unpaid on November 30, 2009, Debtors shall pay HD an additional $50,000 on December 1, 2009.

3. If any of the adequate protection payments set forth in Paragraph 2 above are not made by the deadlines stated in Paragraph 2, then the automatic stay shall immediately lift without further order of the Court; and, at HD's option, (a) a Section 363 Sale shall occur on or about 15 days following the missed (or tardy) payment or (b) HD may immediately post the properties for a Foreclosure Sale, which sale will occur on the first available date permitted by law. At such sale HD may bid up to the full amount of its Allowed Claim in the Bankruptcy Cases. If HD chooses to sell the Properties at a Section 363 Sale, HD shall promptly file a

Notice of Sale with the Court setting forth the time and place of the sale and shall serve the Notice of Sale on the parties required to receive notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure. As soon as practicable after the sale the Court will schedule a hearing to approve the sale.

4. Eleven days after the entry of this Order, Debtors and HD will execute and deliver mutual general releases and shall dismiss the Adversary Proceeding with prejudice, subject to the parties' performance under this Agreement.

5. If the Payment has not been made to HD by December 1, 2009, the automatic stay shall be modified without further order of the Court to allow HD to post the Properties for foreclosure. Provided, however, that, in accordance with Paragraph 1 above, HD shall only be allowed to sell the Properties if the Payment is not received by the Payment Date.

6. HD will support the Debtors' Amended Plan so long as it complies with the terms of this Agreement.

7. So long as Debtors are not in default under this Agreement, Debtors are not obligated to further supplement any discovery requests propounded by HD in the Bankruptcy Case.

8. The Adversary Proceeding is stayed pending the filing of the dismissal papers described above in Paragraph 4.

9. Provided that the assignee agrees to be bound by the terms of this Agreement, Debtors consent to the assignment of the Obligations (as defined in the Stipulated Final Order Authorizing Use of Cash Collateral, Docket # 133 (the "Final Cash Collateral Order")) by HD to any third party, provided that any such assignment is in writing and expressly states that the assignment is subject to the terms and conditions of this Agreement and to any additional

documents, orders or agreements related to this Agreement (with a copy of this Agreement and any amendments attached to the written assignment), and further provided that Debtors have had a reasonable opportunity to review and provide comments concerning the wording of such assignment prior to HD's execution of the assignment.

10. Any and all provisions in any of the Loan Documents (as defined in the Final Cash Collateral Order) and/or in the Final Cash Collateral Order relating to (i) any of HD's inspection rights, and (ii) any reporting or disclosure obligations of the Debtors, including without limitation the rights and obligations set forth in Paragraph 10 of the Final Cash Collateral Order, shall remain in effect until the Payment is made to HD, or its successor, if any.

11. HD consents to the Debtors performing routine maintenance and repairs in addition to those budgeted under the Final Cash Collateral Order using funds other than cash collateral. The Debtors may not, however, perform any work-overs, completions, re-completions, or other major activities without the prior written consent of HD, or without prior authorization from the Court.

12. This is the ruling of the Court and the Court reserves the right to supplement this Order as appropriate.

HOU:2953090.3