

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**Signed January 5, 2010**                    **United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| KNIGHT ENERGY CORP., | § | Case No. 09-32163-11 |
| | § | |
| CHARLES HILL DRILLING, INC., | § | Case No. 09-32165-11 |
| | § | |
| Debtors. | § | Jointly Administered Under |
| | § | Case No. 09-32163-11 |

## AMENDED SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION TO LIFT THE AUTOMATIC STAY AND MOTION TO PROHIBIT USE OF CASH COLLATERAL <u>AND MOTION TO USE CASH COLLATERAL</u>

On June 23, 2009, a hearing was held on the Debtors' Emergency Motion to Authorize Debtors' to Use Cash Collateral filed on April 9, 2009 (the "<u>Debtors' Motion</u>"), HD Special-Situations, LP ("HD") Motion to Lift the Automatic Stay (the "Lift Stay Motion"), and HD's Motion to Prohibit Use of Cash Collateral ("<u>HD's Cash Collateral Motion</u>").  On June 26, 2009, the Court entered its Findings of Fact and Conclusions of Law on Motion to Lift the Automatic Stay and Motion to Prohibit Use of Cash Collateral and Motion to Use Cash Collateral.  On

September 3, 2009, the Court entered its Supplemental Findings of Fact and Conclusions of Law on Motion to Lift the Automatic Stay and Motion to Prohibit Use of Cash Collateral and Motion to Use Cash Collateral (the "Supplemental Order"). Pursuant to the amended agreement of HD Special Situations L.P. and Knight Energy Corp. and Charles Hill Drilling, Inc. (the "Debtors"), the Court enters this amended supplemental order, which supplements in part and modifies in part the Supplemental Order.

**THE COURT HEREBY ORDERS THAT:**

1. HD shall be paid $4,120,000 in cash (the "Payment") on or before 5:00 p.m. Central time, February 1, 2010 (the "Payment Date") in full settlement of its Allowed Claim and liens. The Payment may be made by the Debtor or by a nominee, and the Payment may be in the form of a purchase of HD's debt and lien from HD. The Payment shall be made to HD's counsel, David A. Zdunkewicz, Andrews Kurth LLP, 600 Travis, Suite 4200, Houston, Texas 77002. At the time of the Payment, HD shall deliver all of its properly executed documents (the "Release Documents") necessary to release or assign, at Debtors' election, any and all liens that HD may have on any assets of either of the Debtors. If HD is not paid by the Payment Date, the properties subject to its liens (the "Properties") will be sold at HD's option at (a) a sale conducted on February 2, 2010 pursuant to Section 363 of the Bankruptcy Code (a "Section 363 Sale") or (b) one or more foreclosure sales occurring on February 2, 2010 or any subsequent date permitted by law (a "Foreclosure Sale"). At such sale HD may bid up to the full amount of its Allowed Claim in the Bankruptcy Cases. Should HD opt to sell the Properties at a Section 363 Sale, the sale shall occur at 2:00 p.m., Central time at the offices of Andrews Kurth LLP, 1717 Main St., Suite 3700, Dallas, Texas 75201. If the Payment is not made to HD by 5:00 p.m. Central time on February 1, 2010, and HD has not opted to sell the Properties at a Foreclosure

Sale, HD shall file a Notice of Sale with the Court and shall serve the Notice of Sale on the parties required to receive notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure. As soon as practicable after the sale the Court will schedule a hearing to approve the sale. Notwithstanding the other provisions of this Agreement, if Debtors designate a date for the $4,120,000 payment to HD that is at least three (3) business days prior to the date designated as the Payment Date above, and HD is not able to deliver all of the Release Documents requiring HD's signature, duly executed, by 10:00 a.m. Houston, Texas time on the designated Payment Date, then all the deadlines, including the deadlines for the payment of the adequate protection payments due under this Agreement, shall be extended for a period equal to three (3) business days <u>plus</u> the number of calendar days for which HD's failure to provide the properly executed Release Documents exceeds the date on which the Release Documents were required to be produced pursuant to this Paragraph 1.

2.    Debtors shall pay HD an additional adequate protection payment of $50,000 (the "$50,000 Payment") within two business days after entry of this Order. The $50,000 Payment may not be made from cash collateral. The Debtors shall reimburse HD up to $10,000 for fees and up to $5,000 for reasonable out of pocket travel and hotel expenses payable from cash collateral for an advisor or consultant to HD (the "Consultant") during the month of January 2010. The Debtors will make their books, records, assets, and personnel available to the Consultant during January 2010 during normal business hours and will cooperate with the Consultant as reasonably requested by HD. Except for the $50,000 Payment, HD consents to the use of its cash collateral for these purposes.

3.    If the $50,000 Payment set forth in Paragraph 2 above are not made by the deadline in Paragraph 2, then the automatic stay shall immediately lift without further order of

the Court; and, at HD's option, (a) a Section 363 Sale shall occur on or about 15 days following the missed (or tardy) payment or (b) HD may immediately post the properties for a Foreclosure Sale, which sale will occur on the first available date permitted by law. At such sale HD may bid up to the full amount of its Allowed Claim in the Bankruptcy Cases. If HD chooses to sell the Properties at a Section 363 Sale, HD shall promptly file a Notice of Sale with the Court setting forth the time and place of the sale and shall serve the Notice of Sale on the parties required to receive notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure. As soon as practicable after the sale the Court will schedule a hearing to approve the sale.

4. HD will continue to support the Debtors' Amended Plan so long as it complies with the terms of this Agreement and the Supplemental Order.

5. So long as Debtors are not in default under this Agreement, Debtors are not obligated to further supplement any discovery requests propounded by HD in the Bankruptcy Case.

6. Provided that the assignee agrees to be bound by the terms of this Agreement, Debtors consent to the assignment of the Obligations (as defined in the Stipulated Final Order Authorizing Use of Cash Collateral, Docket # 133 (the "Final Cash Collateral Order")) by HD to any third party, provided that any such assignment is in writing and expressly states that the assignment is subject to the terms and conditions of this Agreement and to any additional documents, orders or agreements related to this Agreement (with a copy of this Agreement and any amendments attached to the written assignment), and further provided that Debtors have had a reasonable opportunity to review and provide comments concerning the wording of such assignment prior to HD's execution of the assignment.

024299.0107\548117.05
166732_1/(89794/002)

7. Any and all provisions in any of the Loan Documents (as defined in the Final Cash Collateral Order) and/or in the Final Cash Collateral Order relating to (i) any of HD's inspection rights, and (ii) any reporting or disclosure obligations of the Debtors, including without limitation the rights and obligations set forth in Paragraph 10 of the Final Cash Collateral Order, shall remain in effect until the Payment is made to HD, or its successor, if any.

8. HD consents to the Debtors performing routine maintenance and repairs in addition to those budgeted under the Final Cash Collateral Order using funds other than cash collateral. The Debtors may not, however, perform any work-overs, completions, re-completions, or other major activities without the prior written consent of HD, or without prior authorization from the Court.

9. The Debtors will provide HD with access to reports, information and personnel and cooperate as reasonably necessary for HD to update reserve reports and prepare sale materials. However, any such reserve reports or materials to be prepared by HD shall be at HD's sole expense.

10. Unless specifically modified or amended by the terms of this Order, all other provisions of the Supplemental Order shall remain in effect. The terms of this amended agreement between HD and the Debtors are conditioned on the entry of this Order by the Court. If the Court does not enter this Order by the close of the Court's business on January 5, 2010, then the parties shall automatically be returned to the status quo ante that existed among them as of 5:01 p.m. December 31, 2009.

11. This is the ruling of the Court and the Court reserves the right to supplement this Order as appropriate.

##END OF ORDER##

024299.0107\548117.05
166732_1/(89794/002)