



U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 8, 2010**

_____
**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| KNIGHT ENERGY CORP., | § | Case No. 09-32163-11 |
| | § | |
| CHARLES HILL DRILLING, INC., | § | Case No. 09-32165-11 |
| | § | |
| Debtors. | § | Jointly Administered Under |
| | § | Case No. 09-32163-11 |

### SECOND AMENDED SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION TO LIFT THE AUTOMATIC STAY AND MOTION TO PROHIBIT USE OF CASH COLLATERAL <u>AND MOTION TO USE CASH COLLATERAL</u>

On June 23, 2009, a hearing was held on the Debtors' Emergency Motion to Authorize Debtors' to Use Cash Collateral filed on April 9, 2009 (the "<u>Debtors' Motion</u>"), HD Special-Situations, LP ("HD") Motion to Lift the Automatic Stay (the "Lift Stay Motion"), and HD's Motion to Prohibit Use of Cash Collateral ("<u>HD's Cash Collateral Motion</u>"). On June 26, 2009, the Court entered its Findings of Fact and Conclusions of Law on Motion to Lift the Automatic Stay and Motion to Prohibit Use of Cash Collateral and Motion to Use Cash Collateral. On

HOU:2990782.3

September 3, 2009, the Court entered its Supplemental Findings of Fact and Conclusions of Law on Motion to Lift the Automatic Stay and Motion to Prohibit Use of Cash Collateral and Motion to Use Cash Collateral (the "Supplemental Order").  On January 6, 2010, the Court entered its Amended Supplemental Findings of Fact and Conclusions of Law on Motion to Lift the Automatic Stay and Motion to Prohibit Use of Cash Collateral and Motion to Use Cash Collateral (the "Amended Supplemental Order").  Pursuant to the amended agreement of HD Special Situations L.P. and Knight Energy Corp. and Charles Hill Drilling, Inc. (the "Debtors"), the Court enters this second amended supplemental order, which supplements in part and modifies in part the Supplemental Order and the Amended Supplemental Order.

**THE COURT HEREBY ORDERS THAT:**

1.     Debtors shall pay HD additional adequate protection payments as follows: $50,000 by 5:00 p.m. Central time on February 15, 2010; $50,000 by 5:00 p.m. Central time March 15, 2010; and $50,000 by 5:00 p.m. Central time on April 15, 2010 (the "$50,000 Payments"); provided, however, that if HD's allowed claim is paid in full under an amended plan of organization prior to the due date of any of the $50,000 Payments, then no additional $50,000 Payment shall thereafter be required.  The $50,000 Payments may not be made from cash collateral.  The Debtors shall reimburse HD up to $10,000 for fees and up to $5,000 for reasonable out of pocket travel and hotel expenses payable from cash collateral for an advisor or consultant to HD (the "Consultant").  Except for the $50,000 Payments, HD consents to the use of its cash collateral for these purposes.  The Debtors will make their books, records, assets, and personnel available to HD and/or the Consultant until the Final Payment Date during normal business hours and will cooperate with HD and/or the Consultant as reasonably requested by HD.

2.HD shall be allowed each month to post the properties for a foreclosure sale, which sale may occur on the first available date permitted by law, but the sale may only occur in the event that any of the $50,000 Payments are not timely made.  At such sale HD may bid up to the full amount of its Allowed Claim in the Bankruptcy Cases.

3.Provided that the assignee agrees to be bound by the terms of this Agreement, Debtors consent to the assignment of the Obligations (as defined in the Stipulated Final Order Authorizing Use of Cash Collateral, Docket # 133 (the "Final Cash Collateral Order")) by HD to any third party, provided that any such assignment is in writing and expressly states that the assignment is subject to the terms and conditions of this Agreement and to any additional documents, orders or agreements related to this Agreement (with a copy of this Agreement and any amendments attached to the written assignment), and further provided that Debtors have had a reasonable opportunity to review and provide comments concerning the wording of such assignment prior to HD's execution of the assignment.

4.Any and all provisions in any of the Loan Documents (as defined in the Final Cash Collateral Order) and/or in the Final Cash Collateral Order relating to (i) any of HD's inspection rights, and (ii) any reporting or disclosure obligations of the Debtors, including without limitation the rights and obligations set forth in Paragraph 10 of the Final Cash Collateral Order, shall remain in effect until HD is paid in full under an amended plan of reorganization, or its successor, if any.  In addition, the Debtors shall (a) allow HD to have online access to the Debtors' bank accounts to monitor the Debtors' bank balances, and (b) provide HD with weekly reports detailing all cash receipts and disbursements of the Debtors.

5.HD consents to the Debtors performing routine maintenance and repairs in addition to those budgeted under the Final Cash Collateral Order using funds other than cash

collateral. The Debtors may not, however, perform any work-overs, completions, re-completions, or other major activities without the prior written consent of HD, or without prior authorization from the Court.

6. The Debtors will provide HD with access to reports, information and personnel (including Charles Hill) and cooperate as reasonably necessary for HD to update reserve reports and prepare sale materials. However, any such reserve reports or materials to be prepared by HD shall be at HD's sole expense.

7. Unless specifically modified or amended by the terms of this Order, all other provisions of the Supplemental Order and the Amended Supplemental Order shall remain in effect. The terms of this second amended agreement between HD and the Debtors are conditioned on the entry of this Order by the Court.

8. The further adequate protection payments described in paragraph 1 above are based on the parties' assumption that an amended plan **(or a plan modification pursuant to Section 1127)** is confirmed **(or approved)** by the Court and under which amended plan HD is paid $4,120,000 as follows: $520,000 on or before 5:00 p.m. Central time, April 30, 2010; $1,800,000 on or before 5:00 p.m. Central time, May 31, 2010; and $1,800,000 (the "Final Payment") on or before 5:00 p.m. Central time June 30, 2010 (the "Final Payment Date") in full settlement of its Allowed Claim and liens. **The court has given a deadline of February 28, 2010, for any such amended plan (or plan modification) to be filed, with adequate disclosure of (a) the source of funding for the same, and (b) timing and amount of payment as to all creditors.** If such amended plan **(or plan modification)** is not confirmed **(or approved)** by April 15, 2010, HD reserves all of its rights, including the right to seek additional adequate protection payments.

9. This is the ruling of the Court and the Court reserves the right to supplement this Order as appropriate.

HOU:2990782.3
548117.04